NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**WEST VIEW RESEARCH, LLC, A CALIFORNIA CORPORATION,**
*Plaintiff-Appellant*

**v.**

**AUDI AG, VOLKSWAGEN AG, VOLKSWAGEN GROUP OF AMERICA, INC., DBA AUDI OF AMERICA, INC., HYUNDAI MOTOR COMPANY, LTD., HYUNDAI MOTOR AMERICA, INC., HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, NISSAN MOTOR COMPANY, LTD., NISSAN NORTH AMERICA, INC., TESLA MOTORS, INC.,**
*Defendants-Appellees*

_____

2016-1947, 2016-1948, 2016-1949, 2016-1951

_____

Appeals from the United States District Court for the Southern District of California in Nos. 3:14-cv-02668-CAB-WVG, 3:14-cv-02675-CAB-WVG, 3:14-cv-02677-CAB-WVG, 3:14-cv-02679-CAB-WVG, Judge Cathy Ann Bencivengo.

_____

Decided:  April 19, 2017

_____

ADAM SPENCER GARSON, Gazdzinski & Associates, PC, San Diego, CA, argued for plaintiff-appellant.

GARLAND STEPHENS, Weil, Gotshal & Manges LLP, Houston, TX, argued for all defendants-appellees. Defendant-appellee Tesla Motors, Inc. also represented by AUDREY LYNN MANESS.

MICHAEL LENNON, Andrews Kurth Kenyon LLP, New York, NY, for defendants-appellees Audi AG, Volkswagen AG, Volkswagen Group of America, Inc. Also represented by SUSAN A. SMITH, Washington, DC; MICHAEL N. ZACHARY, Palo Alto, CA.

PAUL RICHARD STEADMAN, DLA Piper US LLP, Chicago, IL, for defendants-appellees Hyundai Motor Company, Ltd., Hyundai Motor America, Inc., Hyundai Motor Manufacturing Alabama, LLC. Also represented by MATTHEW D. SATCHWELL.

REGINALD J. HILL, Jenner & Block LLP, Chicago, IL, for defendants-appellees Nissan Motor Company, Ltd., Nissan North America, Inc. Also represented by PETER J. BRENNAN, CHAD RAY; ADAM G. UNIKOWSKY, Washington, DC.

————————————

Before WALLACH, CHEN, and STOLL, *Circuit Judges.*

WALLACH, *Circuit Judge.*

West View Research, LLC ("WVR") appeals the U.S. District Court for the Southern District of California's judgment on the pleadings holding certain claims ("the

Asserted Claims")[1] of various patents ("the Patents-in-Suit") patent-ineligible under 35 U.S.C. § 101 (2006). *See In re W. View Research, LLC*, Nos. 3:14-cv-2668-CAB-WVG, 3:14-cv-2670-CAB-WVG, 3:14-cv-2675-CAB-WVG, 3:14-cv-2677-CAB-WVG, 3:14-cv-2679-CAB-WVG, 2016 WL 3247891, at *3 (S.D. Cal. Mar. 31, 2016) (granting judgment on the pleadings for Audi AG, Volkswagen AG, and Volkswagen Group of America, Inc. dba Audi of America and entering final judgment); *In re W. View Research, LLC*, Nos. 3:14-cv-2675-CAB-WVG, 3:14-cv-2677-CAB-WVG, 3:14-cv-2679-CAB-WVG, 2015 WL 9685577, at *7 (S.D. Cal. Dec. 11, 2015) (granting judgment on the pleadings for Tesla Motors, Inc.; Hyundai Motor Company, Ltd., Hyundai Motor America, Inc., and Hyundai Motor Manufacturing Alabama, LLC; and Nissan Motor Company, Ltd. and Nissan North America, Inc.).

WVR appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1) (2012). We affirm.

---

[1]    The Asserted Claims refer to the following eighty-one claims: claims 9–11, 13–15, 17–19, 22–24, 29, and 38 of U.S. Patent No. 8,065,156 ("the '156 patent"); claims 1, 5, 9, 13, 20, 22, 25, and 27–30 of U.S. Patent No. 8,290,778; claims 1, 4, 6, 11, 17–19, 27, 30, and 32 of U.S. Patent No. 8,296,146; claims 1, 12, 26, 34–35, 38, 49–50, 60, and 62 of U.S. Patent No. 8,712,777; claims 1, 3–4, 6, 8, 12, 22, 37, 42, 48, 75, and 77 of U.S. Patent No. 8,719,037; claims 1, 5, 12, 16, 22, 25–26, 32, 48, 54, 63, and 66 of U.S. Patent No. 8,719,038 ("the '038 patent"); and claims 1, 10–11, 16, 23, 28–29, 34–35, 42, and 46–47 of U.S. Patent No. 8,781,839. Appellant's Br. 2. We identify representative claims below.

DISCUSSION

## I. Standard of Review

We review a district court's grant of judgment on the pleadings according to the law of the regional circuit, here the Ninth Circuit. *Imation Corp. v. Koninklijke Philips Elecs. N.V.,* 586 F.3d 980, 984–85 (Fed. Cir. 2009). The Ninth Circuit reviews de novo a grant of judgment on the pleadings. *Or. Nat. Desert Ass'n v. U.S. Forest Serv.,* 550 F.3d 778, 782 (9th Cir. 2008). Nevertheless, we review issues "unique to patent law," including patent eligibility under 35 U.S.C. § 101, consistent with our circuit's precedent. *Madey v. Duke Univ.*, 307 F.3d 1351, 1358 (Fed. Cir. 2002) (citation omitted); *see Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1340–41 (Fed. Cir. 2013) (reviewing § 101 question under Federal Circuit precedent). We treat a district court's "[p]atent eligibility [determination] under § 101 [a]s an issue of law which we review *de novo.*" *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1312 (Fed. Cir. 2016).

## II. The Patents-in-Suit Are Patent-Ineligible Under § 101

A patent may be obtained for "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof," 35 U.S.C. § 101, but "[l]aws of nature, natural phenomena, and abstract ideas are not patentable," *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014) (internal quotation marks and citation omitted). *Alice* established the two-part framework for analyzing whether a patent claim is eligible under § 101. First, we determine whether the claims at issue are "'directed to' a patent-ineligible concept." *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016) (quoting *Alice*, 134 S. Ct. at 2355). If the claims are determined to be directed to a patent-ineligible concept, we next consider whether "the particular elements of the claim, considered 'both individ-

ually and as an ordered combination,' . . . add enough to 'transform the nature of the claim' into a patent-eligible application.'" *Id.* (quoting *Alice*, 134 S. Ct. at 2355).

## The Patents-in-Suit

The Patents-in-Suit share a written description and generally disclose a system and subsystems that use computer hardware, software, and peripheral devices to collect, organize, and display information. *See, e.g.,* '156 patent col. 5 ll. 28–60, col. 8 l. 3–col. 11 l. 7. During oral argument, WVR stated that claim 63 of the '038 patent and claim 29 of the '156 patent would be representative for purposes of the § 101 analysis. *See* Oral Arg. at 14:45–15:05, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2016-1947.mp3. Thus, our analysis treats these claims as representative of the Asserted Claims.

Claim 63 of the '038 patent indirectly depends from independent claim 54.[2] *See* '038 patent col. 32 ll. 56–64; *see also id.* col. 31 l. 35–col. 32 l. 7 (claim 54). Independent claim 54 recites a "computerized apparatus capable of interactive information exchange with a human user" via "a microphone," "one or more processors," a "touch-screen input and display device," a "speech synthesis apparatus" with "at least one speaker," an "input apparatus," and a "computer program" that receives the user's input and generates an audible or visual result. *Id.* col. 31 l. 35–col. 32 l. 7. In relevant part, dependent claim 63 adds an additional limitation that allows the results to be wire-

---

[2] Since the initiation of these appeals, claim 54 has been cancelled. *See W. View Research, LLC v. Audi AG*, Nos. 2016-1947, -1948, -1949, -1951, Docket No. 79 at 3–4 (Fed. Cir. Mar. 28, 2017). Nevertheless, we describe the limitations of claim 54 to provide a complete analysis of claim 63 under § 101.

lessly transmitted to a user's "portable personal electronic device" and allows a user's device "to configure the user-specific data according to one or more data parameters or profiles specific to the user." *Id.* col. 32 ll. 45, 62–64.

Claim 29 of the '156 patent indirectly depends from independent claim 25. *See* '156 patent col. 27 ll. 14–17; *see also id.* col. 26 l. 55–col. 27 l. 3 (claim 25). Independent claim 25 recites a "[c]omputer readable apparatus" that can "receive input from a user via . . . function keys," "forward the input to a remote networked server for determination of . . . [the] context associated" with the user's input and "selection of advertising content," and "present the received content" to the user. *Id.* col. 26 l. 55–col. 27 l. 3. In relevant part, dependent claim 29 adds an additional limitation that tailors the available function keys based upon "the user['s] selection relating to a topical area." *Id.* col. 27 ll. 14–17.

### 1. The Patents-in-Suit Are Directed to an Abstract Idea

Under step one of the *Alice* test, claim 63 of the '038 patent and claim 29 of the '156 patent recite an abstract idea. These claims do not go beyond receiving or collecting data queries, analyzing the data query, retrieving and processing the information constituting a response to the initial data query, and generating a visual or audio response to the initial data query. *See* '038 patent col. 32 ll. 56–64 (claim 63); '156 patent col. 27 ll. 14–17 (claim 29). "[C]ollecting information, analyzing it, and displaying certain results of the collection and analysis" are "a familiar class of claims 'directed to' a patent-ineligible concept." *Elec. Power Grp.,* 830 F.3d at 1353. Moreover, the claims here are unlike those in *Enfish, LLC v. Microsoft Corp.*, where "the plain focus of the claims [was] on an improvement to the computer functionality itself." 822 F.3d 1327, 1336 (Fed. Cir. 2016). Therefore, claim 63 of the '038 patent and claim 29 of the '156 patent are directed to an abstract idea.

## 2. The Patents-in-Suit Lack an Inventive Concept

Under step two of the *Alice* test, claim 63 of the '038 patent and claim 29 of the '156 patent lack an inventive concept that transforms the abstract idea into a patent-eligible invention. The subject patents' specification recites "many different arrangements for the disposition of various components within the system . . . , all of which are encompassed within the scope of the present invention." '038 patent col. 9 ll. 29–34; '156 patent col. 7 l. 64–col. 8 l. 2 (same). Yet, the components involved in the "many different arrangements" are generic. *See, e.g.*, '038 patent col. 7 ll. 17–20 ("the input device 102 of the present embodiment is a touch-sensitive keypad and/or display screen of the type well known in the electrical arts"); '156 patent col. 5 ll. 52–55 (same); *see also* '038 patent col. 7 ll. 37–38 (explaining that "[m]yriad speech recognition systems and algorithms are available"); '156 patent col. 6 ll. 5–7 (same).

The content of the claims relevant here confirm what the specification recites. *See* '038 patent col. 32 ll. 56–64 (claim 63); '156 patent col. 27 ll. 14–17 (claim 29). If a patent uses generic computer components to implement an invention, it fails to recite an inventive concept under *Alice* step two. *See, e.g.*, *Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314, 1324–25 (Fed. Cir. 2016) (explaining that "generic computer components such as an 'interface,' 'network,' and 'database' . . . do not satisfy the inventive concept requirement" (citations omitted)).

Whether analyzed individually or as an ordered combination, the claims recite conventional elements at a high level of generality and do not constitute an inventive concept. *See In re TLI Commc'ns LLC v. Automotive, L.L.C.*, 823 F.3d 607, 614–15 (Fed. Cir. 2016) (cataloguing cases finding ineligibility under *Alice* step two where the claims recited "well-understood, routine, conventional

activities previously known to the industry" (internal quotation marks, brackets, and citation omitted)). Without more, the representative claims fail to recite an inventive concept under *Alice* step two. Because we conclude that the Asserted Claims of the Patents-in-Suit do not satisfy *Alice's* two-step test, they are patent-ineligible under 35 U.S.C. § 101.

## CONCLUSION

We have considered WVR's remaining arguments and find them unpersuasive. Accordingly, the final judgment of the U.S. District Court for the Southern District of California is

**AFFIRMED**